1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNIS ESTES,

11          Plaintiff,                    No. 2: 13-cv-0946 KJN P

12      vs

13   SACRAMENTO COUNTY, et al.,

14          Defendants.           ORDER

15   _____/

16          Plaintiff is a federal prisoner proceeding without counsel in an action brought

17   pursuant to 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), and Bivens v. Six

18   Unknown Named Agents, 403 U.S. 388, 392-97 (1971).   Plaintiff has requested leave to proceed

19   in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court

20   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

21          Plaintiff submitted a declaration that makes the showing required by

22   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

24   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

25   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court

26   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

1   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

2   monthly payments of twenty percent of the preceding month's income credited to plaintiff's

3   prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

4   the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

5   in full.  28 U.S.C. § 1915(b)(2).

6           The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.

11  28 U.S.C. § 1915A(b)(1),(2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

19  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

20  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

21  1227.

22          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

23  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

24  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

25  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

26  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

"[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

as true the allegations of the complaint in question,  id., and construe the pleading in the light

most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on

other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

    Named as defendants are the United States, the United States Marshal Service,
Sara Sloan (an employee of the United States Marshal Service), San Bernardino, Santa Ana,
Sacramento County, Sacramento County Jail Physician's Assistant Bower, Sacramento County
Jail employee Stephanie Christensen and Sacramento County Sheriff.  Plaintiff seeks money
damages.

    Plaintiff alleges that he sustained fractures to his left foot while housed in the
Sacramento County Jail pending federal charges.  Plaintiff was taken to an outside hospital for
evaluation, where he was prescribed narcotics for pain medication.  When plaintiff returned to
the jail, defendant Bower prescribed non-narcotic pain medication, pursuant to a Sacramento
County policy prohibiting the prescription of narcotics.  Plaintiff alleges that he told defendant
Bower that the non-narcotic pain medication did not effectively treat his pain.

    Plaintiff alleges that defendants Sacramento County, Sacramento County Sheriff,
Stephanie Christensen and David Bower informed him that they could not provide him with
necessary foot surgery until it was authorized by defendant United States Marshal.  Plaintiff
alleges that he did not receive the surgery.  Plaintiff alleges that as a result of not receiving
surgery, his foot remained in severe pain and healed incorrectly.

////

1    Plaintiff alleges violations of his constitutional rights against all defendants.

2 Plaintiff alleges that defendants United States Marshal and United States also violated state law.

3 Plaintiff seeks money damages.

4    The undersigned first considers plaintiff's claim against defendant United States

5 under the FTCA.  The United States, through the FTCA, has made a limited waiver of sovereign

6 immunity.  FDIC v. Meyer, 510 U.S. 471, 475 (1994); see Myers & Myers, Inc. v. United States

7 Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975) (Federal Tort Claims Act waived sovereign

8 immunity for certain torts committed by federal employees and federal agencies).  "While Bivens

9 is a judicially created cause of action against federal officers arising under the United States

10 Constitution, ... the FTCA imposes liability on the United States government for acts by its

11 employees [and agencies] that constitute torts in the state where the conduct occurred."  Tekle v.

12 United States, 511 F.3d 839, 850 n. 8 (9th Cir. 2007)

13    A waiver of sovereign immunity does not, however, extend to constitutional

14 claims.  Although individual employees of the Federal Government may be sued for alleged

15 violations of a plaintiff's constitutional rights, see generally Bivens, 403 U.S. at 388, such claims

16 may not be asserted against the Federal Government itself.  See FDIC, 510 U.S. at 477–78;

17 Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir. 1985); Laswell v. Brown, 683 F.2d

18 261, 267–68 (8th Cir. 1982); Birnbaum v. United States, 588 F.2d 319, 327–28 (2d Cir. 1978).

19    The complaint contains no allegations against defendant Sloan.  To the extent

20 plaintiff is basing his FTCA claim against defendant United States on defendant Sloan's conduct,

21 such a claim must be dismissed because the complaint contains no allegations against this

22 defendant.

23     Plaintiff claims that the U.S. Marshal violated state law, i.e., acted with

24 negligence and committed medical malpractice, when it failed to authorize his foot surgery.

25 These allegations state a potentially colorable claim under the FTCA against defendant United

26 States.

1      Bivens does not authorize a suit against the government or its agencies for

2  monetary relief.  FDIC v. Meyer, 510 U.S. 471, 486 (1994); Thomas-Lazear v. FBI, 851 F.2d

3  1202, 1207 (9th Cir. 1988).  Accordingly, all claims against defendant United States Marshal and

4  plaintiff's constitutional claims against defendant United States should be dismissed.

5      Plaintiff's claim that he was denied narcotic pain medication pursuant to a

6  Sacramento County policy states a potentially cognizable claim for relief against defendants

7  Sacramento County, Sacramento County Sheriff and Bower for allegedly violating plaintiff's

8  constitutional rights.

9      Plaintiff's claim that he was denied surgery states a potentially cognizable claim

10  against defendants Sacramento County Sheriff, Christensen and Bower for allegedly violating

11  plaintiff's constitutional rights.

12      Counties are subject to liability under 42 U.S.C. § 1983 where official policy or

13  custom causes a constitutional tort.  Monell v. Dep't. of Social Servs., 436 U.S. 658, 690 (1978).

14  Plaintiff does not allege that he was denied surgery pursuant to an official policy or custom of

15  Sacramento County.  For that reason, he has not stated a potentially cognizable constitutional

16  claim against defendant Sacramento County based on the alleged denial of surgery.

17      As discussed above, the complaint contains no allegations against defendant

18  Sloan.  The complaint also contains no allegations against defendants San Bernardino and Santa

19  Ana.  To state a Bivens claim, a plaintiff must allege that persons acting under color of federal

20  law violated a federal constitutional right.  Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996)

21  (citing Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Thus, an action under Bivens is

22  identical to one brought pursuant to 42 U .S.C. § 1983, except for the replacement of a state actor

23  under § 1983 by a federal actor under Bivens.  Id.  To state a valid constitutional claim, a plaintiff

24  must allege that he suffered a specific injury as a result of the conduct of a particular defendant,

25  and he must allege an affirmative link between the injury and the conduct of that defendant.

26  Rizzo v. Goode, 423 U.S. 362, 371–72, 377 (1976).  Because plaintiff has failed to link

1  defendants Sloan, San Bernardino and Santa Ana to the alleged deprivations, these defendants
2  are dismissed.

3         Plaintiff may proceed forthwith to serve defendants United States, Sacramento
4  County, Sacramento County Sheriff, Bower and Christensen, as to those claims found potentially
5  cognizable above, and pursue his claims against only those defendants or he may delay serving
6  any defendant and attempt to state a cognizable claim against defendant Sloan, defendant Santa
7  Ana, defendant San Bernardino, defendant United States Marshal and defendant Sacramento
8  County for allegedly violating his constitutional rights by denying him surgery.

9         If plaintiff elects to attempt to amend his complaint to state a cognizable claim
10  against defendant Sloan, defendant Santa Ana, defendant San Bernardino, defendant United
11  States Marshal and defendant Sacramento County for violating his constitutional rights for
12  denying him surgery, he has thirty days in which to file an amended complaint.  He is not
13  obligated to amend his complaint.

14         If plaintiff elects to proceed forthwith against defendants United States,
15  Sacramento County, Sacramento County Sheriff, Bower and Christensen, as to those claims
16  found potentially cognizable above, then within thirty days he must return materials for service of
17  process enclosed herewith.  In this event the court will construe plaintiff's election as consent to
18  dismissal of all claims against defendant Sloan, defendant Santa Ana, defendant San Bernardino,
19  defendant United States Marshal and the claim against defendant Sacramento County for denying
20  him surgery in violation of his constitutional rights without prejudice.

21         Plaintiff is advised that in an amended complaint he must clearly identify each
22  defendant and the action that defendant took that violated his constitutional rights.  The court is
23  not required to review exhibits to determine what plaintiff's charging allegations are as to each
24  named defendant.  The charging allegations must be set forth in the amended complaint so
25  defendants have fair notice of the claims plaintiff is presenting.
26  ////

1       Any amended complaint must show the federal court has jurisdiction, the action is

2  brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

3  must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

4  who personally participated in a substantial way in depriving plaintiff of a federal constitutional

5  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

6  deprivation of a constitutional right if he does an act, participates in another's act or omits to

7  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

8  contends he was the victim of a conspiracy, he must identify the participants and allege their

9  agreement to deprive him of a specific federal constitutional right.

10       In an amended complaint, the allegations must be set forth in numbered

11  paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

12  single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

13  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

14  10(b).

15       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

16  307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

17  any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

18  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

19  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

20  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

21  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must

22  not include any preambles, introductions, argument, speeches, explanations, stories, griping,

23  vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

24  Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

25  violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

26  (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

1   prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

2   pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

3   many defendants with unexplained, tenuous or implausible connection to the alleged

4   constitutional injury, or joining a series of unrelated claims against many defendants, very likely

5   will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

6   plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

7            A district court must construe a pro se pleading "liberally" to determine if it states

8   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

9   an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

10  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

11  cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

12  S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555).  Plaintiff must set forth

13  "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

14  Id. (quoting Bell Atlantic Corp., 550 U.S. at 570).

15              A claim has facial plausibility when the plaintiff pleads factual
                content that allows the court to draw the reasonable inference that
16              the defendant is liable for the misconduct alleged. The plausibility
                standard is not akin to a "probability requirement," but it asks for
17              more than a sheer possibility that a defendant has acted unlawfully.
                Where a complaint pleads facts that are merely consistent with a
18              defendant's liability, it stops short of the line between possibility
                and plausibility of entitlement to relief.
19
20  Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted).  Although legal conclusions

21  can provide the framework of a complaint, they must be supported by factual allegations, and are

    not entitled to the assumption of truth.  Id. at 1950.
22
23            An amended complaint must be complete in itself without reference to any prior

24  pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

    files an amended complaint, the original pleading is superseded.
25
26  ////

1    By signing an amended complaint, plaintiff certifies he has made reasonable

2    inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

3    impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

4    A prisoner may bring no § 1983 action until he has exhausted such administrative

5    remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth

6    v. Churner, 532 U.S. 731, 741 (2001).

7    Accordingly, IT IS HEREBY ORDERED that:

8    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

9    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

10    Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

11    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

12    Warden, Terminal Island Correctional Institution filed concurrently herewith.

13    3.  Claims against defendant Sloan, defendant Santa Ana, defendant San

14    Bernardino, defendant United States Marshal and the claim alleging denial of surgery against

15    defendant Sacramento County in violation of plaintiff's constitutional rights are dismissed with

16    leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to

17    attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his

18    complaint.

19    4.  The allegations in the pleading discussed above are sufficient to state a

20    potentially cognizable claim against defendants United States, Sacramento County, Sacramento

21    County Sheriff, David Bower and Stephanie Christensen.  See 28 U.S.C. § 1915A.  With this

22    order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading

23    filed May 13, 2013, one USM-285 form and instructions for service of process on defendants

24    United States, Sacramento County, Sacramento County Sheriff, David Bower and Stephanie

25    Christensen.  Within thirty days of service of this order plaintiff may return the attached Notice

26    of Submission of Documents with the completed summons, the completed USM-285 forms, and

one copy of the May 13, 2013 complaint.  The court will transmit them to the United States

Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants United States,

Sacramento County, Sacramento County Sheriff, David Bower and Stephanie Christensen will be

required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P.

12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent

to an order dismissing his defective claims against defendant Sloan, defendant Santa Ana,

defendant San Bernardino, defendant United States Marshal and defendant Sacramento County

for violating plaintiff's constitutional rights by denying surgery without prejudice.

    5.  Failure to comply with this order will result in a recommendation that this

action be dismissed.

DATED:  June 21, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

estes946.14

1

2

3

4               IN THE UNITED STATES DISTRICT COURT

5             FOR THE EASTERN DISTRICT OF CALIFORNIA

6   DENNIS ESTES,

7            Plaintiff,                    No. 2: 13-cv-946 KJN P

8       vs.

9   SACRAMENTO COUNTY, et al.,

10          Defendants.              NOTICE OF SUBMISSION OF DOCUMENTS

11

12   _____/

13          Plaintiff hereby submits the following documents in compliance with the court's
     order filed _____:

14

15          _____        completed summons form

16          _____        completed forms USM-285

17          _____        copies of the _____
                                      Amended Complaint

18

19          _____   Plaintiff consents to the dismissal of defendant
                    Sloan, defendant Santa Ana, defendant San
20                  Bernardino, defendant United States Marshal and
                    defendant Sacramento County based on the alleged
21                  denial of surgery in violation of the United States
                    Constitution, without prejudice.

22       OR

23          _____   Plaintiff opts to file an amended complaint and delay service of process.

24   Dated:

25

26                                    _____
                                             Plaintiff