UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ESTES,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>  Defendants. | No. 2: 13-cv-0946 JAM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a state federal proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983 and <u>Bivens v Six Unknown Named Agents</u>, 403 U.S. 388, 392-97 (1971).  On February 10, 2013, defendant Sloan filed a motion for summary judgment. (ECF No. 31.)  On September 17, 2013 (ECF No. 12), the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988).

On April 22, 2014, the court denied plaintiff's motion for discovery and granted him forty-five days to file an opposition to defendant Sloan's summary judgment motion. (ECF No. 35.)  Forty-five days passed and plaintiff did not file an opposition to defendant Sloan's pending motion.

////

1

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The undersigned considers the five factors above in determining whether to dismiss defendant Sloan based on plaintiff's failure to oppose her summary judgment motion.

In determining to recommend dismissal of defendant Sloan, the undersigned has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for a little over one year. Rather than filing an answer, defendant Sloan properly filed a summary judgment motion. Plaintiff's failure to comply with the Local Rules and to the court's order directing him to file an opposition within forty-five days suggests that he has abandoned his claims against defendant Sloan and that further time spent by the court on defendant Sloan's motion will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to defendant Sloan from plaintiff's failure to oppose the motion, also favors dismissal. Plaintiff's failure to oppose the motion prevents defendant from addressing plaintiff's substantive opposition, and would delay resolution of this action, thereby causing defendant to incur additional time and expense.

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of defendant Sloan.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first,

1   second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case,
2   those factors outweigh the general public policy favoring disposition of cases on their merits.  See
3   Ferdik, 963 F.2d at 1263.

4       For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant Sloan be
5   dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6       These findings and recommendations are submitted to the United States District Judge
7   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8   after being served with these findings and recommendations, any party may file written
9   objections with the court and serve a copy on all parties.  Such a document should be captioned
10  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
11  objections shall be filed and served within fourteen days after service of the objections.  The
12  parties are advised that failure to file objections within the specified time may waive the right to
13  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14  Dated:  June 19, 2014

16  Es946.nooppo

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3